UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: CHRISTOPHER L. MALCOLM   * <br> * <br> * <br> * <br> * <br> * | Misc. Business Docket <br> No. 1:24-mc-91525-IT |

MEMORANDUM AND ORDER

July 9, 2025

TALWANI, D.J.

This matter was initiated by a referral of Christopher Malcolm for disciplinary proceedings. <u>See</u> Order of Referral [Doc. No. 1] (redacted).[1] Upon *de novo* review, the court finds that Attorney Malcolm violated the District Court's rules of professional conduct and that the appropriate discipline is disbarment from practicing before this court.

**I.     Background**

*A.     Judge Sorokin's Investigation of the Matter*

Attorney Malcolm represented Defendant Harry Tam in <u>United States v. Tam</u>, 21-cr-10350-LTS, until Judge Sorokin granted the government's motion to disqualify Attorney Malcolm in March 2023. <u>See</u> Order of Referral 1 [Doc. No. 1]. After Defendant Tam's sentencing in April 2024, Judge Sorokin screened allegations that Attorney Malcolm engaged in misconduct, holding two hearings with Attorney Malcolm's participation and reviewing Attorney Malcolm's written submissions.

---

[1] The unredacted <u>Order of Referral</u> [Doc. No. 1-1] is filed under seal.

B.    *The Referral Order*

Judge Sorokin found that Attorney Malcolm plausibly violated: (1) Massachusetts Rules 1.7 and 1.9 by representing Tam "notwithstanding conflicts of interest arising from his prior representation of two of Tam's co-defendants, Henry Vuong and Marcus Leyden"; (2) Massachusetts Rule 1.6 by disclosing a former client's confidential information; (3) Massachusetts Rule 1.8(f) "by accepting from Tam the payment of fees for Vuong's representation without complying with the required procedures"; and (4) Massachusetts Rule 3.3 "by knowingly making false statements to the Court when he stated that he had obtained consent to his representation of Tam from all affected clients and when he presented potentially inauthentic client fee letters to the Court." Id. at 2–3. Judge Sorokin noted further that "Attorney Malcolm's conduct in the course of the disciplinary-referral screening process, as well as his conduct in two other recent criminal cases in which he has appeared in this District,[2] add[ed] to the Court's concerns regarding his discharge of his duties as an attorney." Id. at 3.

Finding that Attorney Malcolm plausibly committed four "potentially serious ethical violations" of Massachusetts Rules, Judge Sorokin referred this matter for potential attorney discipline on October 18, 2024. Id. at 1, 27. His referral set forth in detail the record supporting each of these findings. See id. at 5–27.

C.    *The Temporary Suspension as Reciprocal Discipline*

On November 19, 2024, the Supreme Judicial Court ("SJC") issued an Order of Immediate Temporary Suspension [Doc. No. 9] temporarily barring Malcolm's practice of law in Massachusetts state courts based on unrelated matters.

---

[2] The two other matters are United States v. Florentino, No. 22-cr-10166-PBS-1, and United States v. Cannon-Grant, No. 22-cr-10057-AK.

2

After providing Malcolm with an opportunity to show cause why he should not immediately be suspended under Local Rule 83.6.9(a) from practicing law in the District of Massachusetts pending the outcome of the proceedings before the SJC, and after Malcolm stated that he did not oppose the temporary suspension while the Massachusetts disciplinary matter was being resolved, the undersigned issued a reciprocal Order of Temporary Suspension [Doc. No. 14] temporarily suspending Attorney Malcolm from practicing law in the District of Massachusetts, pending further order. That Order of Temporary Suspension [Doc. No. 14] is currently in place.

    D.    *Attorney Malcolm's Failure to Participate in the Disciplinary Proceedings*

On October 21, 2024, the court directed Attorney Malcolm to show cause in writing why disciplinary action against him should not be taken in light of Judge Sorokin's findings and advised him that a hearing would be held if requested and that the matter otherwise would be determined on the paper record. See Order to Show Cause [Doc. No. 3].

The court granted Attorney Malcolm numerous extensions of time to respond and opportunities for filing a response under seal and for a hearing. See Elec. Order [Doc. No. 6] (granting Request to File Response Under Seal); Elec. Notice of Preliminary Hearing [Doc. No. 7]; Order 1-2 [Doc. No. 10] (extending Attorney Malcolm's time to file a formal response after he failed to appear and resetting hearing); Elec. Clerk's Notes [Doc. No. 15] (providing Attorney Malcolm a further opportunity to file a response); Elec. Order [Doc. No. 22] (granting further extension after Attorney Malcolm appeared through counsel); Elec. Order [Doc. No. 26] (granting motion to seal).

Despite these extensions and opportunities to file under seal, Attorney Malcolm filed no substantive response to the charges.

**II.    Legal Standard**

Under Local Rule 83.6.1 of the Local Rules of the United States District Court for the District of Massachusetts, the rules of professional conduct for attorneys appearing and practicing before this court are the Massachusetts Rules, adopted by the SJC, as set forth in SJC Rule 3:07.

Local Rule 83.6.5(b) provides that "[a]ll complaints of alleged attorney misconduct shall be screened in the first instance by the judicial officer who presided over the case or matter, if any, in which the misconduct occurred," and that "[i]f the allegations of attorney misconduct are reasonably plausible and potentially serious, the matter should be referred to the presiding judge." L.R. 83.6.5(b).

The Local Rules further provide that "[t]he presiding judge shall conduct an initial *de novo* review of the matter and shall take one or more of" several actions, including commencing formal proceedings. L.R. 83.6.5(d)(6).

As part of formal proceedings, "[t]he presiding judge shall issue a written order setting forth his or her conclusions and the reasons therefor and the final disposition of the matter, including any discipline imposed on the attorney." L.R. 83.6.5(i)(8). "The presiding judge shall make any factual findings on the record in open court or in a written order." L.R. 83.6.5(i)(5). "Any order imposing attorney discipline shall be entered as a final judgment under Fed. R. Civ. P. 54." L.R. 83.6.5(i)(8).

"Any attorney who is the subject of an investigation or review . . . in such a matter, shall cooperate and shall reasonably and promptly respond to inquiries from the court and its agents; provided, however, that an attorney may make a valid assertion of his or her constitutional rights, any applicable privilege, or any other right provided by law." L.R. 83.6.5(h).

4

"An attorney may be subject to the following types of discipline after a finding of misconduct pursuant to these rules:"

(1) disbarment or suspension of the attorney from practicing before this court;

(2) revocation of an admission *pro hac vice* or other admission for a limited purpose under Rule 83.5.3;

(3) public or private reprimand or censure;

(4) monetary sanctions;

(5) restitution to victims of the misconduct;

(6) and such other disciplinary action as may be reasonable under the circumstances.

L.R. 83.6.4(a).

### III.  Factual Findings

Where Attorney Malcolm has offered no response, objections, or additional material for this court's consideration, and following this court's *de novo* review of the evidentiary record considered in the Order of Referral [Doc. No. 1], the court adopts Judge Sorokin's factual recitation in full as this court's findings.

### IV.  Discussion

#### A. *Duty of Confidentiality*

"A lawyer shall not reveal confidential information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is" otherwise permitted by the Rules. Mass. Rule 1.6(a). Additionally, "[a] lawyer shall not use confidential information relating to representation of a client to the disadvantage of the client or for the lawyer's advantage or the advantage of a third person, unless the client gives informed consent, except as permitted or required by [the Massachusetts Rules]." Mass. Rule 1.8(b). "Confidential information" includes "information gained during or relating to the representation of a client, whatever its source, that is (i) protected

5

by the attorney-client privilege, (ii) likely to be embarrassing or detrimental to the client if disclosed, or (iii) information that the lawyer has agreed to keep confidential." Mass. Rule 1.6(a).

Based on this court's review of the record and as detailed in the Order of Referral, the information at issue was gained during representation of a former client, is information from the former client or his predecessor counsel that was protected by the attorney-client privilege, and was significant information that would be of serious detriment to the client if disclosed. The former client did not give informed consent, the information was nonetheless disclosed to another client, and the disclosure was for Malcolm or the other client's advantage. See id. at 6–8. In sum, Attorney Malcolm violated his duty of confidentiality in a serious manner.

    B.    *Conflicts of Interest*

        1. Duties to Former Clients

"A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client." Mass. Rule 1.9(a). However, a conflict between a current client and a former client may be waived if the former client gives "informed consent, confirmed in writing." Id.; see also Mass. Rule 1.0(d), (g) (defining "confirmed in writing" and "informed consent").

Based on this court's review of the record and as detailed in the Order of Referral, Vuong's and Tam's interests were materially adverse at the time that Attorney Malcolm agreed to represent Tam and Attorney Malcolm knew or should have known as much. Attorney Malcolm did not obtain Vuong's informed, written consent waiving the conflict, and conceded as much before Judge Sorokin. In representing a client with interests adverse to Vuong without

Vuong's written consent, Attorney Malcolm breached his duties to his former client.[3] See Order of Referral 9–15 [Doc. No. 1].

    2.   Duties to Current Clients

"[A] lawyer shall not represent a client if the representation involves a concurrent conflict of interest." Mass. Rule 1.7(a). "A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Id. The "critical questions" in analyzing a potential material-limitation conflict involve "the likelihood that a difference in interests will eventuate" and, if so, "whether it will materially interfere with the lawyer's independent professional judgment in considering alternatives or foreclose courses of action that reasonably should be pursued on behalf of the client." Mass. Rule 1.7 cmt. 8. "Notwithstanding the existence of a concurrent conflict of interest[,] a lawyer may represent a client if[,]" inter alia, "each affected client gives informed consent, confirmed in writing." Mass. Rule 1.7(b).

Based on this court's review of the record and as detailed in the Order of Referral, Attorney Malcolm's representation of Tam involved a concurrent conflict of interest. Attorney Malcolm did not obtain Tam's informed, written consent waiving the conflict. See Order of Referral 15–18 [Doc. No. 1]. Because Attorney Malcolm's representation of Tam involved a

---

[3] The court does not address here potential conflicts concerning Malcolm's prior representation of Marcus Leyden, another co-defendant in the federal case. Leyden did not object to Malcolm's representation of Tam during the disqualification proceedings.

concurrent conflict of interest, and because Attorney Malcolm did not obtain Tam's informed, written consent waiving the conflict, Attorney Malcolm breached his duties to Tam.

      C.      *Handling of Fees*

Massachusetts Rule 1.8(f) prohibits a lawyer from accepting payment from a third party unless: (1) "the client gives informed consent"; (2) "there is no interference with the lawyer's independence of professional judgment or with the client-lawyer relationship"; and (3) "information relating to representation of a client is protected as required by Rule 1.6," which pertains to confidentiality of information. Mass. Rule 1.8(f); see also Mass. Rule 5.4(c) (prohibiting a lawyer from allowing a third-party payor to "direct or regulate the lawyer's professional judgment in rendering such legal services"). These requirements are supplemented by Rule 1.7 when the fee arrangement creates a conflict of interest, "for example, when the third-party payer is a co-client." Mass. Rule 1.8 cmt. 15.

Based on this court's review of the record and as detailed in the Order of Referral, Attorney Malcolm's handling of fees in his representation of Tam and Vuong constituted a serious ethical violation. First, Malcolm failed to obtain Vuong's informed consent before accepting payment for Malcolm's representation of Vuong from third parties. In addition, Malcom's acceptance of payment from Tam interfered with the client-lawyer relationship. Finally, Malcolm failed to protect confidential information. See Order of Referral 15–18 [Doc. No. 1].

Therefore, the court finds that Malcolm violated Massachusetts Rule 1.8(f).

D.   *Duty of Candor*

1. False Statements Concerning Consent

Massachusetts Rule 3.3(a) provides that a "lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer." Mass. Rule 3.3(a)(1).[4] "Knowingly" "denotes actual knowledge of the fact in question," which "may be inferred from [the] circumstances." Mass. Rule 1.0(h). A fact is "material" if "viewed objectively, it directly or circumstantially had a reasonable and natural tendency to influence a judge's determination," and it "is not necessary to show that the statement of material fact did in fact influence a determination by the judge." In re Angwafo, 453 Mass. 28, 35 (2009).

Based on this court's review of the record and as detailed in the Order of Referral, Malcolm failed to obtain consent concerning conflicts and concerning the acceptance of the payment for his representation of Vuong. Accordingly, the court finds that Malcolm's statements claiming he obtained consent concerning conflicts and the payment of fees were false. See Order of Referral 19–22 [Doc. No. 1]. The court finds that these false statements were material, given that the question of whether Malcolm obtained Vuong's and Tam's informed consent on conflicts and fees issues was an important part of the disqualification proceedings and subsequent disciplinary process.

2. Inauthentic Fee Letters

Based on this court's review of the record and as detailed in the Order of Referral, Malcolm made material, false statements by submitting inauthentic fee letters during Judge

---

[4] The Rules specify that this court is a "tribunal." Mass. Rule 1.0(r).

9

Sorokin's investigation. See Order of Referral 22–25 [Doc. No. 1]. These letters were material because they were important to the court's consideration of issues related to Malcolm's handling of fees during Malcom's disciplinary proceedings. Therefore, the court finds that Malcolm breached his duty of candor to the court by providing inauthentic fee letters.

    E.    *Appropriate Disposition*

Because the rules of professional conduct at issue in this proceeding are identical to state rules, and in the absence of relevant precedent from this district, the court considers discipline imposed by the SJC in determining the appropriate discipline in this case.

The SJC, in considering the appropriate discipline, "inquire[s] whether the sanction imposed is 'markedly disparate from those ordinarily entered by the various single justices in similar cases.'" Matter of Ablitt, 486 Mass. 1011, 1017 (2021) (quoting Matter of Alter, 389 Mass. 153, 156 (1983)). In applying this standard, the SJC "consider[s] the 'cumulative effect of . . . several violations.'" In re Cobb, 445 Mass. 452, 479 (2005) (quoting Matter of Tobin, 417 Mass. 81, 88 (1994)).

Attorney Malcolm has violated Massachusetts Rules concerning conflicts of interest, the duty of confidentiality, the acceptance of fees from a third party, and the duty of candor. The court briefly surveys cases involving similar violations before considering aggravating factors relevant to determining the appropriate sanction.

    1.    Cases Concerning Confidentiality

Disciplinary proceedings before the SJC involving violations of Massachusetts Rule 1.6(a) or Massachusetts Rule 1.8(b) are limited, and the court has not stated a presumptive sanction for violations of the duty of confidentiality. In In re Johnson, the SJC affirmed a judgment from a single justice of that court disbarring an attorney from the practice of law and

10

finding her in contempt of the judgment of disbarment for, inter alia, violating Mass. Rule 1.6(a). The conduct at issue in that case was egregious, as the attorney posted impounded material concerning alleged victims of sexual abuse to her public website, including information about her former clients' mentally disabled adult daughter. See In re Johnson, 450 Mass. 165 (2007). Other cases involving violations of Massachusetts Rule 1.6(a) or 1.8(b) also resulted disbarment, though those other cases also involved misuse of client funds, which carries a presumption of indefinite suspension or disbarment. See Matter of Ablitt, 486 Mass. 1011 (2021); In re Cobb, 445 Mass. 452 (2005).

    2. Cases Involving Conflicts

Suspension or disbarment in conflict cases "has been reserved for conduct involving self-dealing . . . or egregious conflicts causing substantial injuries to clients or innocent third parties." In re Carnahan, 449 Mass. 1003, 1005 (2007). In In re Lupo, the SJC imposed an indefinite suspension on an attorney who engaged in "clear, personal conflicts of interest with elderly, unsophisticated and vulnerable clients," including giving legal advice to his elderly aunt, intentionally withholding information about the fair market value of her property and misrepresenting its value to her, and reaping a substantial benefit at her expense by purchasing her home at less than fair market value. 447 Mass. 345, 358–59 (2006). See also In re Wise, 433 Mass. 80, 92 (2000) (six-month suspension for attorney who disclosed client confidences and engaged in conflicts of interest with a "vengeful attitude" and "selfish motive"); Matter of Pike, 480 Mass. 740, 745 (1990) (six-month suspension for attorney who had a "direct financial interest" and "acted deliberately for his own benefit and in disregard of his client's interests").

Less severe sanctions have been imposed in cases involving conflicts issues that lack evidence of self-interest or severe harm to clients. See, e.g., In re Discipline of An Attorney, 449

11

Mass. 1001, 1001 (2007) (ordering admonition for attorney who "engaged in a conflict of interest by recording a mortgage discharge at the request of the mortgagor without first contacting the mortgagee, the mortgagor's father, for whom the respondent had drafted but not recorded the discharge several years earlier" where there was no evidence that attorney's actions were motivated by self-interest).

3. Cases Involving the Handling of Fees (Mass. Rule 1.8(f))

The court has not found any SJC disciplinary decisions addressing the appropriate sanction for violations of Massachusetts Rule 1.8(f).

4. Cases Involving False or Misleading Statements

"[A] two-year suspension has been the usual and presumptive sanction" in cases in which "lawyers gave false testimony under oath but were not charged with and convicted of a crime." In re Finneran, 455 Mass. 722, 731 n.13 (2010). Accordingly, courts considering cases involving attorneys who made false statements under oath or submitted false or misleading documents have imposed suspension of twenty-seven months, see In re Diviacchi, 475 Mass. 1013, 1020 (2016), and two years, see Matter of Shaw, 427 Mass. 764, 768-69 (1998).

5. Aggravating Factors[5]

In addition to Attorney Malcolm's violations of several Massachusetts Rules, his behavior across cases in this district and in these proceedings is relevant to determining the appropriate sanction.

Throughout these proceedings, Attorney Malcolm "has failed to acknowledge the nature, effects, and implication of his misconduct." In re Cobb, 445 Mass. 452, 480 (2005). He has

---

[5] Attorney Malcolm did not offer any potential mitigating factors.

12

consistently failed to timely and meaningfully participate in these proceedings—including failing to timely respond to multiple show-cause orders, see supra Part TK-section-on-failure-to-participate; Order of Referral 25 [Doc. No. 1], and objecting to orders to provide documents without offering reasoned argument, see id. He also failed to attend in-person proceedings in this court and, when he did attend, conveyed a lack of understanding of the seriousness of the conduct discussed in Judge Sorokin's Order of Referral.

In other matters in this district in which Attorney Malcolm was counsel, before his suspension, Attorney Malcolm repeatedly failed to appear, see United States v. Florentino, No. 22-cr-10166-PBS-1 (D. Mass.), ECF Nos. 66, 86, 94, and failed to otherwise discharge his duties, see United States v. Cannon-Grant, No. 22-cr-10057-AK-1 (D. Mass.), ECF Nos. 137, 155, 158, 161.

The court emphasizes finally that Attorney Malcolm's conduct was particularly egregious given that it occurred as part of his representation of individuals facing serious criminal charges. That aspect sets these proceedings apart from other cases cited herein addressing violations of the same Massachusetts Rules, as many of Attorney Malcolm's violations occurred while his client's liberty interests were at stake.

  6. Appropriate Sanction

Attorney Malcolm's conduct posed harm to multiple criminal defendants for the reasons set forth in Judge Sorokin's Order of Referral. Attorney Malcolm has demonstrated no understanding of the wrongfulness of his conduct or even of the Massachusetts Rules he violated through his conduct. And despite being afforded multiple opportunities to participate in these proceedings, Attorney Malcolm failed to do so. Accordingly, this court is left without any

explanation from Malcolm for his conduct and without any basis for believing Attorney Malcolm is fit to practice of law.

In these circumstances, given the seriousness of Attorney Malcolm's conduct, it is important that not only that he stop practicing law at this time but that he be required to apply before any possible reinstatement in this court and demonstrate an understanding of his obligations to his clients. Under the local rules of this district, "[a]n attorney who has been suspended shall be automatically reinstated at the end of the period of suspension upon the filing of an affidavit stating that: (1) the period of suspension has expired; and (2) the attorney has complied with all requirements of any order of suspension[,]" L.R. 83.6.10(a), whereas an individual who has been disbarred <u>must apply</u> for reinstatement and cannot do so "until at least 5 years after the effective date of disbarment," L.R. 83.6.10(b).[6] Accordingly, the court finds disbarment, rather than indefinite suspension, to be the appropriate sanction. The court finds further that Attorney Malcolm shall demonstrate his understanding of the professional rules by, at a minimum, retaking and passing the Multistate Professional Responsibility Examination before seeking reinstatement.

V.      **Conclusion**

For the foregoing reasons, this court finds that Malcolm: (1) breached Massachusetts Rules 1.7 and 1.9 concerning conflicts of interest; (2) breached Massachusetts Rule 1.6 concerning the duty of confidentiality; (3) breached Massachusetts Rule 1.8(f) concerning the acceptance of fees from a third party; and (4) breached Massachusetts Rule 3.3 concerning the

---

[6] This is different from the SJC's rules for bar discipline, which require lawyers who have been suspended for more than one year or for an indefinite period to petition for reinstatement. <u>See</u> S.J.C. Rule 4:01, § 18, as appearing in 453 Mass. 1315 (2009).

duty of candor. The appropriate discipline in these circumstances is disbarment. Therefore, Malcolm is hereby disbarred from practicing law in the District of Massachusetts.

Prior to any application for reinstatement, Attorney Malcolm shall sit for the Multistate Professional Responsibility Examination and achieve at a minimum the passing score required by the Massachusetts Board of Bar Examiners—in addition to satisfying the other requirements set forth in this court's Local Rules. See L.R. 83.6.10(b).

IT IS SO ORDERED.

July 9, 2025                                         /s/ Indira Talwani
                                                     United States District Judge